## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RODNEY HARRIS                          *

Petitioner                             *

v                                      *          Civil Action No. CCB-20-529

WARDEN and                             *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND                      *

Respondents                            *
                                      ***

## MEMORANDUM OPINION

Respondents have filed a Limited Answer to Rodney Harris's petition for a writ of habeas corpus, asserting that the petition raises unexhausted claims and should be dismissed for lack of proper exhaustion. ECF 9. Harris has filed a response opposing dismissal. ECF 15, 17.[1]

Having reviewed the submissions, the court determines that no hearing is necessary. *See* D. Md. Local Rule 105.6; Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 8; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (habeas petitioner not entitled to a hearing). For the reasons set forth below, the petition will be dismissed without prejudice for lack of exhaustion. A certificate of appealability will not issue.

## BACKGROUND

Harris was convicted after a jury trial in the Circuit Court for Baltimore City of assault and fetal manslaughter for which he was sentenced on January 14, 2020, to a total of 35 years of incarceration. *State v. Harris*, Case No. 119035015 (Cir. Ct. Balt. City, filed February 4, 2019); ECF 12-1 at pp. 1, 7; ECF 3 at p. 1, ¶¶ 2, 3.

---

[1] Harris has also filed correspondence, but they do not address whether he has exhausted his claims before the state courts. *See* ECF 7, 8, 9, 10, 11, 13.

On January 15, 2020, Harris, by his counsel, filed an appeal to the Court of Special Appeals of Maryland. *Harris v. State of Maryland*, No. 19-2383 (Md. Ct. Spec. App.) (ECF 12-1 at p. 9). A hearing is scheduled for December 1, 2020. *See* Maryland Electronic Courts ("MDEC") Secure Portal, https://mdecportal.courts.state.md (visited on June 12, 2020). Harris also has filed several post-conviction motions, all of which were unsuccessful. ECF 12-1 at pp. 9–12. He has not filed a state petition for habeas relief under Maryland's Uniform Postconviction Procedure Act, Md. Code Ann., Crim. Proc. §§ 7-101, *et seq. See* ECF 12-1 at pp. 9–12; *see also* Maryland Judiciary Case Search, http://casesearch.courts.state.md.us (visited June 17, 2020).

Harris alleges that he is entitled to federal habeas corpus relief because: (1) based on the evidence, the jury should have concluded the charged fetal manslaughter was a miscarriage; (2) based on the evidence, the jury should have concluded that the charged first-degree assault was only second degree assault; (3) the sentence is illegal because his "rap sheet" shows non-violent offenses; and (4) he disagreed with his counsel's trial tactics. ECF 3 at p. 5, ¶ 15(A)–(D).

## DISCUSSION

### I.   Exhaustion

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) & (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. Md. Code Ann., Cts. & Jud.

Proc. § 12-201, § 12-301.  To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  Md. Code Ann., Crim. Proc. § 7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  Md. Code Ann., Cts. & Jud. Proc. § 12-202.  However, if the application is granted, but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State,* 292 Md. 201, 210–11 (1981).

The federal habeas statute provides that a petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Under these facts, Harris has yet to exhaust his available remedies through direct appeal or by way of state post-conviction relief.

If a claim has not been fairly presented to the state courts, a federal habeas court may nonetheless consider the claim if there is either an absence of available state corrective process or the process is ineffective; state remedies must be available and meaningful in that the outcome is not futile.  28 U.S.C. § 2254(b)1)(B)(1); *see Duckworth v. Serrano,* 454 U.S. 1, 3 (1981) (noting that an exception to the exhaustion requirement is made "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.").  A petitioner "may not bypass the state courts simply because he thinks they will be unsympathetic to the claim."  *Engle v. Isaac*, 456 U.S. 107, 130 (1982).  Further, a petitioner has the burden of establishing that the state court proceedings are "so clearly deficient as to render futile any effort to obtain relief."  *Duckworth*, 454 U.S. at 3.

Harris asserts that his petition presents "exigent circumstances." ECF 18 at p. 1. He asserts no facts to suggest that pursing his claims in state court is futile or there is an absence of state corrective process. His conclusory reference to his unsuccessful motions before the circuit court is insufficient to warrant circumvention of the remedies available to him in the state courts. *Id*. at p. 3. Further, Harris initiated his ongoing direct appeal and does not assert that pursuing his claims on appeal in state court will be futile. Accordingly, the petition will be dismissed without prejudice for lack of exhaustion.[2]

## II.    Certificate of appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000). When a petition is denied on procedural grounds, as is the case here, a petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* at 478.

---

[2] The Clerk will be directed to mail a § 2254 habeas forms and information packet to assist petitioner after he exhausts his claims in state court and wishes to pursue his claims here. Harris is reminded that a one-year limitations period applies to § 2254 petitions. 28 U.S.C. § 2244(d). This one-year period is tolled (paused) while properly filed state post-conviction petitions are pending. *Id.* § 2244(d)(2).

The court finds that Harris has not made the requisite showing and declines to issue a certificate of appealability.  Harris may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

The court will, by separate order, dismiss the petition without prejudice for lack of exhaustion and decline to issue a certificate of appealability.

___6/18/20_____                          _____/S/_____
Date                                         Catherine C. Blake
                                             United States District Judge

5